## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL PRICE,<br><br>   Plaintiff,<br><br>v.<br><br>WEC PEOPLE'S GAS,<br><br>   Defendants. | Case No. 23 CV 431<br><br>Judge Daniel<br><br>Magistrate Judge Finnegan |

### FIRST AMENDED COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. §2000E *ET SEQ.*, 42 U.S.C. §1981, AND AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §621, BASED ON AGE AND RACE/COLOR, HOSTILE WORK ENVIRONMENT, RETALIATION AND WRONGFUL TERMINATION

Plaintiff, Darryl Price ("Price" or "Plaintiff"), by and through his attorney, Tod Rottman, of Barrett & Farahany, and for his First Amended Complaint against WEC People's Gas ("People's Gas"), alleges and states as follows:

### Introduction

1. Plaintiff, Darryl Price, a 56-year-old, African American, was hired by Defendant as an apprentice – utility worker. Plaintiff was routinely and repeatedly harassed and treated differently than non-black, younger, similarly situated employees. The actions taken against him, included, but were not limited to, assigning him to undesirable jobs, denial of promotions, and repeated unwarranted discipline, which was not given to non-black, younger employees committing the same acts.

2. On April 22, 2022, while still employed by Defendant, Plaintiff filed a charge of discrimination based on age, race/color with the EEOC. Defendant responded by intensifying its harassing conduct suspending him without cause and threatening to terminate him. The

environment reached the point that no reasonable person could tolerate it and Plaintiff was constructively discharged when had no other choice but to resign from his employment with Defendant. This amended complaint for violations of Title VII is based on age and race/color in the form of claims of a hostile work environment, retaliation, and wrongful termination.

### Parties

3. Plaintiff is a citizen of the United States and of the State of Illinois who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. He is a 56-year-old black male. At all relevant times he was an employee pursuant to 42 U.S.C. § 2000e-(f) and 29 U.S.C. § 630(f).

4. WEC People's Gas Central is a corporation that at all relevant times regularly conducted business within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. During all times relevant hereto, Defendant was a covered employer pursuant to 42 U.S.C. § 2000e-(b) and 28 U.S.C. § 630(b).

### Jurisdiction

5. Plaintiff flied a charge with the United States Equal Employment Opportunity Commission, on April 22, 2022, discrimination and harassment on the basis age and race.

6. Plaintiff received a notice of right to sue on this charge on or about December 7, 2022.

7. Plaintiff filed this case on January 24, 2023, , within 90 days of the issuance of that Notice of Right to Sue and was therefore timely filed.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this claim involves a federal question brought under Title VII, 42 U.S.C. §1981, and 29 U.S.C. §621.

**Venue**

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**Facts**

10. Plaintiff began working for Defendant on or about November 26, 2016, as a utility worker.

11. In and around 2019, Defendant, through its supervisors, began harassing and treating Plaintiff differently based upon his age and race/color.

12. Plaintiff was routinely and repeatedly treatment differently than younger, non-black employees in similar positions.

**Plaintiff assigned to unwanted duties and projects**

13. There are two main departments at the People's Gas facility which Plaintiff and other utility workers would be assigned: the distribution and service department.

14. Defendant's supervisors decided which utility workers were assigned to which department, and determined which utility workers were assigned to certain assignments.

15. The distribution department involves heavy duty manual labor.

16. The assignments in the distribution department are labor intensive.

17. The service department handles service calls from People's Gas customers.

18. The assignments in the service department were less labor intensive and usually provided to older employees.

19. Plaintiff's supervisors routinely kept Price and other black employees in the distribution department and denied opportunities in the service department.

20. Plaintiff's supervisors routinely kept Price and other older employees in the distribution department and denied opportunities in the service department.

21. Plaintiff's supervisors would routinely deny Price and other black employees the ability to transfer to the service department permanently.

22. Plaintiff's supervisors would routinely deny Price and other older employees the ability to transfer to the service department permanently.

23. It was understood by employees of Defendant that the service department was a preferable assignment that to work in the distribution department.

24. Defendant's actions in limiting and denying Price the ability to work in the service department was a tangible employment action effecting Price's ability to advance his employment and his compensation.

25. Defendant's actions in limiting the types of assignments Price would be assigned to was a tangible employment action effecting Price's ability to advance his employment and his compensation.

26. Price made complaints about the conduct of the Defendant's supervisors internally through the Defendant's established hotline.

27. Following his internal complaints, the Defendant's conduct continued and worsened.

**By Denying Plaintiff certain assignments, he was denied overtime opportunities**

28. As to assignments in the distribution department, Defendant routinely gave assignments that were less physically demanding and would allow for overtime to younger, non-black employees.

29. Defendant's supervisors decided which utility workers were assigned to certain assignments.

30. Price and others similarly situated, would not be given assignments that allowed for overtime.

31. By being denied assignments that allowed for overtime, Plaintiff made less money than others.

32. Price made complaints about the discrimination, harassment, hostility, and mistreatment and denial of overtime to a hotline provided by Defendant.

33. Following his calls to the hotline, the discrimination, harassment, hostility, and mistreatment towards Plaintiff increased as retaliation for Price contacting the hotline.

**Plaintiff was suspended without pay, for actions other non-black employees were not disciplined**

34. On or about April 22, 2022, Price filed a charge of discrimination with the EEOC on the basis of age and race.

35. Thereafter, the discrimination, harassment, hostility, and mistreatment intensified, became even more serious and pervasive, and included such things as:

   a. Denying Price additional opportunities for overtime;

   b. A 10-day suspension for causing damage at a dump site when other employees caused damage to company vehicles without being similarly suspended;

   c. A 10-day suspension for allegedly failing to report a work injury when in in fact did report the injury in a timely fashion;

   d. Denying price training and experience that others were allowed in an attempt to limit his ability to advance, be promoted, and/or change departments.

**Plaintiff was not allowed to become a Journeyman as scheduled**

36. Based upon his age and race/color, Defendant routinely denied Plaintiff job assignments and other opportunities to learn additional skills and advance his knowledge and skills as an apprentice utility worker.

37. Based upon his age and race/color, Plaintiff was further denied the opportunity to become a journeyman when he became eligible.

38. The denial of journeyman status denied Price a promotion, an increase in job status, and additional compensation and benefits.

**Plaintiff resigns because of discrimination and harassment by Defendant**

39. Defendant's willfully and purposely discriminated, harassed and retaliated against Price based on this age and race/color to interfere with his ability to work, make money and advancement his career.

40. Defendant's conduct caused Plaintiff mental and psychological anguish to the extent that he sought out counseling and treatment.

41. Defendant's conduct would cause a reasonable person to experience mental and psychological anguish.

42. Defendant's behavior became sufficiently severe and pervasive to alter the conditions of Price's employment.

43. Defendant's behavior became sufficiently severe and pervasive and intolerable that a reasonable person would feel compelled to resign.

44. In January of 2023, Price was forced to resign from his employment due to Defendant's routine, repeated, and relentless discrimination, harassment, and retaliation.

45. Plaintiff's resignation was a construction discharge.

# COUNT I
## DEMAND FOR RELIEF
### FOR HARASSMENT ON THE BASIS OF RACE AND COLOR
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000E *ET SEQ.*, AND 42 U.S.C. §1981

46. Plaintiff restates and re-alleges paragraphs 1 through 45, as paragraph 46 of this Count I.

47. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

48. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

49. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Darryl Price, respectfully requests that this Honorable Court enter judgment in his favor and against WEC People's Gas, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

# COUNT II
## DEMAND FOR RELIEF
### FOR DENIAL OF OVERTIME ON THE BASIS OF RACE AND COLOR
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 .S.C. §2000E *ET SEQ.*, AND 42 U.S.C. §1981

50. Plaintiff restates and re-alleges paragraphs 1 through 45, as paragraph 50 of this Count II.

51. Defendant created and maintained a hostile work environment based on Plaintiff's race/color that Plaintiff was forced to endure daily, including the denial of overtime opportunities.

52. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

53. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

54. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Darryl Price, respectfully requests that this Honorable Court enter judgment in his favor and against WEC People's Gas, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**COUNT III**
**DEMAND FOR RELIEF**
**FOR WRONGFUL DISCHARGE ON THE BASIS OF RACE AND COLOR**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000E *ET SEQ.*, AND 42 U.S.C. §1981**

55. Plaintiff restates and re-alleges paragraphs 1 through 45, as paragraph 55 of this Count III.

56. By virtue of the foregoing, Plaintiff suffered harassment that no reasonable person could expect to sustain, and which caused Plaintiff serious emotional distress and threats to his health.

57. Plaintiff resigned due to the hostile work environment and retaliatory action of Defendant based on Plaintiff's race and color.

58. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

59. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

60. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under Title VII and 42 U.S.C. §1981, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Darryl Price, respectfully requests that this Honorable Court enter judgment in his favor and against WEC People's Gas, for back pay, front pay, loss of benefits, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**COUNT IV**
**DEMAND FOR RELIEF**
**FOR HARASSMENT ON THE BASIS OF AGE**
**IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. §621 *ET SEQ.*,**

61. Plaintiff restates and re-alleges paragraphs 1 through 45, as paragraph 61 of this Count IV.

62. Defendant created and maintained a hostile work environment based on Plaintiff's age that Plaintiff was forced to endure daily.

63. By virtue of the foregoing, Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

64. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

65. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, warranting the imposition of compensatory and liquidated damages.

WHEREFORE, Plaintiff, Darryl Price, respectfully requests that this Honorable Court enter judgment in his favor and against WEC People's Gas Central, for back pay, front pay, lost benefits, compensatory and liquidated damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

## COUNT V
## DEMAND FOR RELIEF
## FOR DENIAL OF OVERTIME ON THE BASIS OF AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. §621 *ET SEQ.*

66. Plaintiff restates and re-alleges paragraphs 1 through 45, as paragraph 66 of this Count V.

67. Defendant created and maintained a hostile work environment based on Plaintiff's age that Plaintiff was forced to endure daily, including the denial of overtime opportunities.

68. By virtue of the foregoing, Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

69. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

70. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, warranting the imposition of compensatory and liquidated damages.

WHEREFORE, Plaintiff, Darryl Price, respectfully requests that this Honorable Court enter judgment in his favor and against WEC People's Gas, for back pay, front pay, lost benefits, compensatory and liquidated damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**COUNT VI**
**DEMAND FOR RELIEF**
**FOR WRONGFUL DISCHARGE ON THE BASIS OF AGE**
**IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. §621 *ET SEQ.***

71. Plaintiff restates and re-alleges paragraphs 1 through 45, as paragraph 71 of this Count VI.

72. Defendant created and maintained a hostile work environment based on Plaintiff's age that Plaintiff was forced to endure daily.

73. Plaintiff resigned due to the hostile work environment and retaliatory action of Defendant.

74. By virtue of the foregoing, Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

75. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

76. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, warranting the imposition of compensatory and liquidated damages.

WHEREFORE, Plaintiff, Darryl Price, respectfully requests that this Honorable Court enter judgment in his favor and against WEC People's Gas, for back pay, front pay, lost benefits, compensatory and liquidated damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

Darryl Price

By: /s/ Tod Rottman
His Attorney

Tod Rottman
Barret & Farahany
77 W. Wacker Dr.
Chicago, IL 60602
ARDC# 6270528
trottman@justiceatwork.com